## SALICKRAM v STATE OF FLORIDA
### Case No. CJAP 90-17
Ninth Judicial Circuit, Orange County
July 1, 1991

Before GARY L. FORMET, SR., Circuit Judge.

### OPINION OF THE COURT

THE COURT having reviewed the record on appeal and briefs of counsel, dispenses with oral argument herein pursuant to Fla.R.App.P. 9.320, and finds as follows.

This appeal is based upon the Appellant's contention that the State

destroyed evidence favorable to the Defendant and in accordance with *Brady v Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), this case should be dismissed.

The trial court found that the evidence alleged (a videotape of the Appellant performing field sobriety tests) did exist, was favorable to the Appelant, and was destroyed by the State. The Court denied the Motion to Dismiss on the grounds that the tape was not material and therefore the Appellant was not prejudiced.

The only evidence to be presented to the trier of fact by the State was the testimony of the arresting officer and the fact that the Appellant refused to submit to a breathalyzer examination.

The trial court held that the videotape was not material because the Appellant could testify as to his performance on the videotape tests.

The State appears skeptical of the Appellant's testimony at the Motion to Dismiss alleging in its answer brief at page 4 "In the instant case, as a result of the unavailability of physical evidence to dispute such a contention, Appellant enjoyed the luxury of characterizing his own performance on the field sobriety tests administered subsequent to his arrest as 'perfect'." It is likely the trier of fact would also be skeptical of Appellant's testimony given his interest in the case. A favorable videotape of his performance would corroborate his testimony, and would therefore be material.

This cause is REVERSED AND REMANDED, and the trial court is directed to grant the Appellant's Motion to Dismiss.

Motions for re-hearing will not be entertained. The Clerk is directed to issue its mandate forthwith.

DONE AND ORDERED in chambers at the Orange County courthouse, Orlando, Florida, this 1st day of July, 1991.